## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

R. RUDNICK & CO.,                    )
                                     )      FILED: MAY 16, 2008
     **Plaintiff**                  )      08 cv 2879   JH
                                     )      JUDGE DARRAH
     **v.**                        )      MAGISTRATE JUDGE COLE
                                     )
**OCCU-SPORT PHYSICAL THERAPY**      )
**OF DARIEN, LLC, OCCU-SPORT**       )
**PHYSICAL THERAPY OF PALOS**        )
**HEIGHTS, P.C., and JOHN DOES 1-10**)
                                     )
     **Defendants**                 )

---

### NOTICE OF REMOVAL

    Under 28 U.S.C. §§ 1441 and 1446, defendants, Occu-Sport Physical Therapy of Darien, LLC and Occu-Sport Physical Therapy of Palos Heights, P.C. ("Defendants"), by their attorneys, request that Case No. 08 CH 12034, pending in the Circuit Court of Cook County, Illinois, be removed to the United States District Court for the Northern District of Illinois, Eastern Division. In support of this petition, Defendants state as follows:

    1.     Plaintiff, R. Rudnick, & Co., filed a Complaint on March 31, 2008, against Defendants Occu-Sport Physical Therapy of Darien, LLC and Occu-Sport Physical Therapy of Palos Heights, P.C in the Circuit Court of Cook County, Illinois, Case No. 08 CH 12034. A true copy of the Summons and Complaint is attached to this Notice as Exhibit A.

    2.     On or about April 17, 2008, Defendants were served with the Summons and Complaint via their agent. This Notice of Removal thus is filed within 30 days of Defendants' receipt of the Summons and Complaint.

    3.     No further proceedings have occurred in the Circuit Court.

4.    The Complaint alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, ("TCPA"), common-law conversion and the Illinois Consumer Fraud Act.  Ex. A, Class Action Complaint.  Compl., ¶ 1.  All claims are based on Plaintiff's allegations that Defendant allegedly sent an unsolicited fax to Plaintiff.  According to the Complaint, Plaintiff seeks relief on behalf of a nationwide class of similarly situated persons, including treble damages under 47 U.S.C. §227, and fines under 720 ILCS 5/26-3(b), attorneys' fees and costs, and injunctive relief.

5.    Removal of this action is proper under 28 U.S.C. §1441(a).  According to the Complaint, Plaintiff is an Illinois corporation with offices in Wheeling, Illinois.  Ex. A, Class Action Compl. ¶ 3.  Defendant, Occu-Sport Physical Therapy of Darien, LLC, is a limited liability company chartered under Illinois law with offices in Lockport, Illinois.  *Id.* ¶4. Defendant Occu-Sport Physical Therapy of Palos Heights, P.C., is an Illinois professional corporation located in Illinois.  *Id.* ¶ 5.

6.    This Court has original jurisdiction of this action under 28 U.S.C. § 1331, as Plaintiff's primary claim arises under the TCPA, 47 U.S.C. § 227, a "law of the United States." See *Brill v.Countrywide Home Loans, Inc.* 427 F.3d 446, 450 (7th Cir. 2005) (holding that § 227 "does not expressly override a defendant's removal rights under …§ 1441 (because a claim that a business violated the Telephone Consumer Protection Act arises under federal law(").

7.    This Court also has supplemental jurisdiction over Plaintiff's common-law conversion claim and its claim under the Illinois Consumer Fraud Act forbidding and compensating unfair business practices, as these claims arise out of the same set of facts and are so related to the federal claims that they form part of the same case or controversy under Article

III of the United States Constitution.  Removal of this case is proper under 28 U.S.C. § 1441(b) and (c).

8.      Copies of this Notice of Removal are being served on Plaintiff and filed with the Circuit Court of Cook County.  A copy of the Notice of Removal to be filed with the Circuit Court is attached as Exhibit B.

WHEREFORE, Defendants Occu-Sport Physical Therapy of Darien, LLC and Occu-Sport Physical Therapy of Palos Heights, P.C request that the matter styled *R. Rudnick & Co. v. Occu-Sport Physical Therapy of Darien, LLC, et al.* in the Circuit Court of Cook County, Illinois (Case No. 08 CH 1203), be removed from the Circuit Court of Cook County to this Court.

Dated: May 16, 2008

**OCCU-SPORT PHYSICAL THERAPY OF DARIEN, LLC AND OCCU-SPORT PHYSICAL THERAPY OF PALOS HEIGHTS, P.C,**


By: _____/s/ Melinda J. Morales_____
    One of their Attorneys

Anthony C. Valiulis (#2883007)
Melinda J. Morales (#06244692)
Much Shelist Denenberg Ament & Rubenstein, P.C.
191 N. Wacker Drive, Suite 1800
Chicago, IL  60606
T: 312-521-2434
F: 312-521-2100

## CERTIFICATE OF SERVICE

I, Melinda J. Morales, an attorney, certify that, on this 16th day of May, 2008, I served

the foregoing **Notice of Removal** by faxing a copy to the following:

> Daniel A. Edelman
> Michelle R. Teggelaar
> Heather A. Kolbus
> EDELMAN, COMBS, LATTURNER
>   & GOODWIN, LLC
> 120 S. LaSalle St., 18[th] Floor
> Chicago, IL  60603
>
> Fax:  (312) 419-0379

_____/s/ Melinda J. Morales_____
Melinda J. Morales

# EXHIBIT A

| 2121 - Served | |
|---|---|
| ...ed by Mail | 2221 - Not Served |
| ...20 - Served By Publication | 2321 - Served By Mail |
| | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS     CCG N001-10M-1-07-05 (          ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, Chancery _____ DIVISION

(Name all parties)

R. RUDNICK & CO.
_____

v.

OCCU-SPORT PHYSICAL THERAPY OF DARIEN, LLC, and OCCU-SPORT
PHYSICAL THERAPY OF PALOS HEIGHTS, P.C., and JOHN DOES 1-10

**08 C H 12034**

No. _____

Occu-Sport Physical Therapy
of Palos Heights, P.C.
c/o MS Registered Agent Services
191 N. Wacker Dr., Ste. 1800
Chicago, IL 60606

## SUMMONS

To each Defendant:

    YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ **Richard J. Daley Center, 50 W. Washington, Room** 802 _____, **Chicago, Illinois 60602**

| ☐ **District 2 - Skokie** | ☐ **District 3 - Rolling Meadows** | ☐ **District 4 - Maywood** |
|---|---|---|
| 5600 Old Orchard Rd. | 2121 Euclid | 1500 Maybrook Ave. |
| Skokie, IL 60077 | Rolling Meadows, IL 60008 | Maywood, IL 60153 |
| ☐ **District 5 - Bridgeview** | ☐ **District 6 - Markham** | ☐ **Child Support** |
| 10220 S. 76th Ave. | 16501 S. Kedzie Pkwy. | 28 North Clark St., Room 200 |
| Bridgeview, IL 60455 | Markham, IL 60426 | Chicago, Illinois 60602 |

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

    This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

WITNESS, **MAR 3 1 2008** _____, _____

Atty. No.: 41106 _____
Name: Edelman, Combs, Latturner, & Goodwin, LLC
Atty. for: Plaintiff
Address: 120 S. LaSalle Street
...y/State/Zip: Chicago, IL 60603
...elephone: 312.739.4200
Service by Facsimile Transmission will be accepted at: _____

**DOROTHY BROWN**
CLERK OF CIRCUIT COURT
Clerk of Court

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

(312)      419-0379
(Area Code)   (Facsimile Telephone Number)

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

2121 - Served
2221 - Not Served
~~By Mail~~                    2321 - Served By Mail
~~Served By Publication~~      2421 - Served By Publication
~~S~~UMMONS                    ALIAS - SUMMONS          CCG N001-10M-1-07-05 (                    )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, ___Chancery_____ DIVISION

(Name all parties)

R. RUDNICK & CO.
_____

}

**08 C H 12034**

v.

OCCU-SPORT PHYSICAL THERAPY OF DARIEN, LLC, and OCCU-SPORT
PHYSICAL THERAPY OF PALOS HEIGHTS, P.C., and JOHN DOES 1-10
_____

**SUMMONS**

No. _____

Occu-Sport Physical Therapy
of Palos Heights, P.C.
c/o MS Registered Agent Services
191 N. Wacker Dr., Ste. 1800
Chicago, IL 60606

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ **Richard J. Daley Center, 50 W. Washington, Room** _802_____ **, Chicago, Illinois 60602**

☐ **District 2 - Skokie**
5600 Old Orchard Rd.
Skokie, IL 60077

☐ **District 3 - Rolling Meadows**
2121 Euclid
Rolling Meadows, IL 60008

☐ **District 4 - Maywood**
1500 Maybrook Ave.
Maywood, IL 60153

☐ **District 5 - Bridgeview**
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ **District 6 - Markham**
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ **Child Support**
28 North Clark St., Room 200
Chicago, Illinois 60602

**You must file within 30 days after service of this Summons, not counting the day of service.**
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

**MAR 3 1 2008**

Atty. No.: _41106_____

Name: _Edelman, Combs, Latturner, & Goodwin, LLC_

Atty. for: _Plaintiff_____

Address: _120 S. LaSalle Street_____

City/State/Zip: _Chicago, IL 60603_____

Telephone: _312.739.4200_____

WITNESS, _____,

**DOROTHY BROWN**
**CLERK OF CIRCUIT COURT**

_____
Clerk of Court

**SEAL**

Date of service: _____
(To be inserted by officer on copy left with defendant
or other person)

Service by Facsimile Transmission will be accepted at: _____

(312)     419-0379
(Area Code)  (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Atty. No. 41106

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

FILED – 3

2008 MAR 31 PM 3: 26

CIRCUIT COURT OF COOK
COUNTY, ILLINOIS
CHANCERY DIV.

DOROTHY BROWN ____CLERK

08CH12034

| | |
|---|---|
| R. RUDNICK & CO., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| OCCU-SPORT PHYSICAL THERAPY | ) |
| OF DARIEN, LLC, and OCCU-SPORT | ) |
| PHYSICAL THERAPY OF PALOS HEIGHTS, | ) |
| P.C. and JOHN DOES 1-10, | ) |
| | ) |
| Defendants. | ) |

### COMPLAINT – CLASS ACTION

### MATTERS COMMON TO MULTIPLE COUNTS

### INTRODUCTION

1.     Plaintiff R. Rudnick & Co. brings this action to secure redress for the

actions of defendants Occu-Sport Physical Therapy of Darien, LLC and Occu-Sport Physical

Therapy of Palos Heights, P.C., in sending or causing the sending of unsolicited advertisements

to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47

U.S.C. §227 ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and the

common law.

2.     The TCPA expressly prohibits unsolicited fax advertising.  Unsolicited fax

advertising damages the recipients.  The recipient is deprived of its paper and ink or toner and the

use of its fax machine.  The recipient also wastes valuable time it would have spent on something

else.  Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause

wear and tear on fax machines, and require labor to attempt to identify the source and purpose of

1

the unsolicited faxes.

## PARTIES

3.      Plaintiff R. Rudnick & Co. is an Illinois corporation with offices in Wheeling, Illinois, where it maintains telephone facsimile equipment.

4.      Defendant Occu-Sport Physical Therapy of Darien, LLC is a limited liability company chartered under Illinois law with offices at 420 Summit Drive, Lockport, IL 60441.

5.      Defendant Occu-Sport Physical Therapy of Palos Heights, P.C. is an Illinois professional corporation. Its registered agent is MS Registered Agent Services, 191 N. Wacker Drive, Suite 1800, Chicago, IL 60606.

6.      Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below. Plaintiff does not know who they are.

## JURISDICTION AND VENUE

7.      Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

a.      Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

b.      Have transacted business in Illinois.

c.      Are located in Illinois.

## FACTS

8.      On or about October 17, 2007, plaintiff R. Rudnick & Co. received the unsolicited fax advertisement attached as Exhibit A on its facsimile machine.

2

9.    Discovery may reveal the transmission of additional faxes as well.

10.    Defendants Occu-Sport Physical Therapy of Darien, LLC and Occu-Sport Physical Therapy of Palos Heights, P.C. are responsible for sending or causing the sending of the fax.

11.    Defendants Occu-Sport Physical Therapy of Darien, LLC, and Occu-Sport Physical Therapy of Palos Heights, P.C. as the entities whose products or services were advertised in the faxes, derived economic benefit from the sending of the faxes.

12.    Plaintiff had no prior relationship with defendants and had not authorized the sending of fax advertisements to plaintiff.

13.    Each fax refers to a website used by defendants.

14.    The faxes have a "remove" email address at the bottom that is associated with the mass broadcasting of advertising faxes.

15.    On information and belief, the faxes attached hereto were sent as part of a mass broadcasting of faxes.

16.    On information and belief, defendants have transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

17.    There is no reasonable means for plaintiff or other recipients of defendants' unsolicited advertising faxes to avoid receiving illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

18.    Furthermore, the "opt out notice" required by the TCPA even when faxes are sent with consent or pursuant to an established business relationship was not provided in the faxes at issue.

## COUNT I – TCPA

19.    Plaintiff incorporates ¶¶ 1-18.

20.    The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

10.    The TCPA,  47 U.S.C. §227(b)(3), provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

> **(A)  an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
>
> **(B)  an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
>
> **(C)  both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

21.    Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.  Furthermore, plaintiff's statutory right of privacy was invaded.

22.    Plaintiff and each class member is entitled to statutory damages.

23.    Defendants violated the TCPA even if their actions were only negligent.

24.    Defendants should be enjoined from committing similar violations in the

4

future.

## CLASS ALLEGATIONS

25.    Plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendants Occu-Sport Physical Therapy of Darien, LLC and Occu-Sport Physical Therapy of Palos Heights, P.C. promoting its goods or services for sale (d) and who did not (according to defendants' records) either (i) have an established business relationship with defendants Occu-Sport Physical Therapy of Darien, LLC or Occu-Sport Physical Therapy of Palos Heights, P.C. or (ii) expressly consent to the receipt of advertising faxes from defendants Occu-Sport Physical Therapy of Darien, LLC or Occu-Sport Physical Therapy of Palos Heights, P.C., and in either case were also provided an "opt out" notice that complies with federal law.

26.    The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

27.    There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

a.    Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

b.    The manner in which defendants compiled or obtained their list of fax numbers;

c.    Whether defendants thereby violated the TCPA;

5

        d.      Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

        e.      Whether defendants thereby converted the property of plaintiff.

28.    Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

29.    A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

30.    Several courts have certified class actions under the TCPA. Travel 100 Group, Inc. v. Empire Cooler Service, Inc., 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); Rawson v. C.P. Partners LLC, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc., 50 P.3d 844 (Ariz. App. 2002); Core Funding Group, LLC v. Young, 792 N.E.2d 547 (Ind.App. 2003); Nicholson v. Hooters of Augusta, Inc., 245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class actions); see State of Texas v. American Blast Fax, Inc., 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action).

31.    Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of

plaintiff and the class and against defendants for:

        a.      Actual damages;

        b.      Statutory damages;

        c.      An injunction against the further transmission of unsolicited fax advertising;

        d.      Costs of suit;

        e.      Such other or further relief as the Court deems just and proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

32.     Plaintiff incorporates ¶¶ 1-18.

33.     Defendants engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by sending unsolicited fax advertising to plaintiff and others.

34.     Unsolicited fax advertising is contrary to the TCPA and also Illinois public policy, as set forth in 720 ILCS 5/26-3(b), which makes it a petty offense to transmit unsolicited fax advertisements to Illinois residents.

35.     Defendants engaged in an unfair practice by engaging in conduct that is contrary to public policy, unscrupulous, and caused injury to recipients of their advertising.

36.     Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.

37.     Defendants engaged in such conduct in the course of trade and commerce.

38.     Defendants' conduct caused recipients of their advertising to bear the cost thereof. This gave defendants an unfair competitive advantage over businesses that advertise lawfully, such as by direct mail. For example, an advertising campaign targeting one million

recipients would cost $500,000 if sent by U.S. mail but only $20,000 if done by fax broadcasting. The reason is that instead of spending $480,000 on printing and mailing his ad, the fax broadcaster misappropriates the recipients' paper and ink. "Receiving a junk fax is like getting junk mail with the postage due". Remarks of Cong. Edward Markey, 135 Cong Rec E 2549, Tuesday, July 18, 1989, 101st Cong. 1st Sess.

39.    Defendants' shifting of advertising costs to plaintiff and the class members in this manner makes such practice unfair. In addition, defendants' conduct was contrary to public policy, as established by the TCPA and Illinois statutory and common law.

40.    Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

41.    Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date 3 years prior to the filing of this action, and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Occu-Sport Physical Therapy of Darien, LLC and Occu-Sport Physical Therapy of Palos Heights, P.C. promoting its goods or services for sale (d) and who did not (according to defendants' records) either (i) have an established business relationship with defendants Occu-Sport Physical Therapy of Darien, LLC or Occu-Sport Physical Therapy of Palos Heights, P.C. or (ii) expressly consent to the receipt of advertising faxes from defendants Occu-Sport Physical Therapy of Darien, LLC, or Occu-Sport Physical Therapy of Palos Heights, P.C., and in either case 'were also provided an "opt out" notice that complies with federal law.

42.    The class is so numerous that joinder of all members is impractical.

8

Plaintiff alleges on information and belief that there are more than 40 members of the class.

43.    There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

a.    Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

b.    Whether defendants thereby violated the TCPA;

c.    Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

d.    Whether defendants thereby converted the property of plaintiff.

44.    Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

45.    A class action is an appropriate method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

46.    Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

9

a.      Appropriate damages;

b.      An injunction against the further transmission of unsolicited fax advertising;

c.      Attorney's fees, litigation expenses and costs of suit;

d.      Such other or further relief as the Court deems just and proper.

### COUNT III – CONVERSION

47.     Plaintiff incorporates ¶¶ 1-18.

48.     By sending plaintiff and the class members unsolicited faxes, defendants converted to their own use ink or toner and paper belonging to plaintiff and the class members.

49.     Immediately prior to the sending of the unsolicited faxes, plaintiff and the class members owned and had an unqualified and immediate right to the possession of the paper and ink or toner used to print the faxes.

50.     By sending the unsolicited faxes, defendants appropriated to their own use the paper and ink or toner used to print the faxes and used them in such manner as to make them unusable. Such appropriation was wrongful and without authorization.

51.     Defendants knew or should have known that such appropriation of the paper and ink or toner was wrongful and without authorization.

52.     Plaintiff and the class members were deprived of the paper and ink or toner, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of receipt of the unsolicited faxes.

53.     Defendants should be enjoined from committing similar violations in the future.

10

## CLASS ALLEGATIONS

54.     Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date 5 years prior to the filing of this action and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendants Occu-Sport Physical Therapy of Darien, LLC and Occu-Sport Physical Therapy of Palos Heights, P.C. promoting its goods or services for sale (d) and who did not (according to defendants' records) either (i) have an established business relationship with defendants Occu-Sport Physical Therapy of Darien, LLC or Occu-Sport Physical Therapy of Palos Heights, P.C., or (ii) expressly consent to the receipt of advertising faxes from defendants Occu-Sport Physical Therapy of Darien, LLC, or Occu-Sport Physical Therapy of Palos Heights, P.C., and in either case were also provided an "opt out" notice that complies with federal law.

55.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

56.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

a.     Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

b.     Whether defendants thereby violated the TCPA;

c.     Whether defendants thereby committed the tort of conversion;

d.     Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

11

     e.     Whether defendants thereby converted the property of plaintiff.

57.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

58.     A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

59.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

     a.     Appropriate damages;

     b.     An injunction against the further transmission of unsolicited fax advertising;

     c.     Costs of suit;

     d.     Such other or further relief as the Court deems just and proper.

_____
Daniel A. Edelman

Daniel A. Edelman

Michelle R. Teggelaar
Heather A. Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)
Atty. No. 41106

T:\21016\Pleading\Revised Complaint_Pleading.wpd

## NOTICE OF LIEN

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

_____
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

14

# EXHIBIT A

**OccuSport Physical Therapy Presents**

# Workers Compensation Seminar

# POST OFFER TESTING

## Test Procedure - Liability - Cost - Savings

### This seminar will answer the questions:

### Does this type of testing really decrease workers' compensation cost?
### Can you as an employer avoid hiring your next claimant?

## Agenda & Speakers

**Diane Newquist, OccuSport Physical Therapy,**
an expert on implementing post offer testing.

**Rick Sampson, Ogletree Deakin Law Firm,**
expert legal opinion on post offer testing.

**Rich Blackwell, Rich Blackwell Consulting,**
expert on union issues and contract language
regarding post offer testing.

**Jim Drost, Hilb, Rogal & Hobb (HRH),**
an insurance representative,
how will post offer testing effect your bottom line.

## Tuesday
## January 22, 2008

**Registration: 7:30am - 8:00am**
***includes continental breakfast**
**Program: 8:00am - 12:30pm**

**Park Place of Countryside**
**6240 Joliet Road**
**Countryside, IL 60525**

**Supported By:**
Underground Contractors Association (UCA)
Masons Contractors of Greater Chicago
Painting and Decorating Contractors Association of Chicago
Plumbing and Mechanical Contractors Authority of Northern Illino

# Register NOW! $40

**First Person Registration $40, each additional registration from the same company or association $25**

Name & Company_____

Name & Company_____

Name & Company_____

Name & Company_____

Register Online at www.occusport.com
If paying by check make checks payable to OccuSport Physical Therapy
Send to Attn: Post Offer Seminar 420 Summit Drive Lockport, IL 60441
Fax registration to 708-658-1579
Any questionsor if you would like to be taken off this fax list send an email to krosenlund@occusport.com.

DISTRICT 010

SHERIFF'S NUMBER 036723-001L CASE NUMBER 08CH12034     DEPUTY: _____ STROM 3696-

FILED DT 03-31-2008 RECEIVED DT 04-02-2008 DIE DT 04-25-2008 MULTIPLE SERVICE   1
DEFENDANT                                        ATTORNEY
OCCU-SPORT PHYSICAL THERAPY OF DARIEN, LLC       EDELMAN, COMBS , LATTURNER & G
208 S LA SALLE ST                                120 S LASALLE ST
CHICAGO IL. 60604                                CHICAGO IL. 60603
814                                              312 739-4200
PLAINTIFF R. RUDNICK & CO.

SERVICE INFORMATION: VS     C/O CT CORP R/A

**********************************************************************************

(A)   I CERTIFY THAT I SERVED THIS SUMMONS ON THE DEFENDANT AS FOLLOWS:

.....1 PERSONAL SERVICE:  BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT WITH THE
       NAMED DEFENDANT PERSONALLY.
.....2 SUBSTITUTE SERVICE:  BY LEAVING A COPY OF THE SUMMONS AND A COPY OF THE COMPLAINT
       AT THE DEFENDANT'S USUAL PLACE  OF ABODE WITH SOME PERSON OF THE FAMILY OR A PERSON
       RESIDING THERE, OF THE AGE OF 13 YEARS OR UPWARDS, AND INFORMING THAT PERSON OF
       THE CONTENTS THEREOF. ALSO, A COPY OF THE SUMMONS WAS MAILED ON THE _____
       _____ DAY OF _____ 20__ , IN A SEALED ENVELOPE WITH POSTAGE FULLY
       PREPAID, ADDRESSED TO THE DEFENDANT AT HIS OR HER USUAL PLACE OF ABODE.
       SAID PARTY REFUSED NAME
...X.3 SERVICE ON:  CORPORATION _X_COMPANY____BUSINESS____PARTNERSHIP_____
       BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT (OR INTERROGATORIES) WITH THE
       REGISTERED AGENT, AUTHORIZED PERSON OR PARTNER  OF THE DEFENDANT.
.....4 CERTIFIED MAIL _____

(B)  THOMAS J. DART, SHERIFF, BY: _____, DEPUTY 3696-

   1  SEX___M/F    RACE _H_    AGE _34_
   2  NAME OF DEFENDANT OCCU-SPORT PHYSICAL THERAPY OF DARIEN, LLC
      _WRIT SERVED ON _____ L. VINA___
      THIS _17_ DAY OF _APR_ 20_08_ TIME _0:00_ A.M./P.M.

   ADDITIONAL REMARKS _____

**********************************************************************************

THE NAMED DEFENDANT WAS NOT SERVED.

   TYPE OF BLDG _____
                                              ATTEMPTED SERVICES

NEIGHBORS NAME _____
                                        DATE      TIME  A.M./P.M.

      ADDRESS _____       _____  __:__ _____

      REASON NOT SERVED:                     _____  __:__ _____
                 ___07 EMPLOYER REFUSAL
___01 MOVED      ___08 RETURNED BY ATTY      _____  __:__ _____
___02 NO CONTACT ___09 DECEASED
___03 EMPTY LOT  ___10 BLDG DEMOLISHED       _____  __:__ _____
___04 NOT LISTED ___11 NO REGISTERED AGT.
___05 WRONG ADDRESS ___12 OTHER REASONS      _____  __:__ _____
___06 NO SUCH ADDRESS ___13 OUT OF COUNTY
                                             _____  __:__ _____

FEE   .00   MILEAGE   .00   TOTAL   .00                    SG26

SHERIFF'S NUMBER 036724-001L CASE NUMBER 08CH12034    DEPUTY: H HIC 4371

FILED DT 03-31-2008 RECEIVED DT 04-02-2008 DIE DT 04-25-2008 MULTIPLE SERVICE    1
DEFENDANT                                    ATTORNEY
OCCU-SPORT PHYSICAL THERAPY OF PALOS HEIGHTS, P.C   EDELMAN, COMBS , LATTURNER & G
191 N WACKER DR                              120 S LASALLE ST
CHICAGO IL. 60606                            CHICAGO IL. 60603
1800                                         312 739-4200
PLAINTIFF R. RUDNICK & CO.

SERVICE INFORMATION: VS      C/O MS REGISTERED AGENT SERVICES

****************************************************************************************
(A)   I CERTIFY THAT I SERVED THIS SUMMONS ON THE DEFENDANT AS FOLLOWS:

.....1 PERSONAL SERVICE:  BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT WITH THE
        NAMED DEFENDANT PERSONALLY.
.....2 SUBSTITUTE SERVICE:  BY LEAVING A COPY OF THE SUMMONS AND A COPY OF THE COMPLAINT
        AT THE DEFENDANT'S USUAL PLACE  OF ABODE WITH SOME PERSON OF THE FAMILY OR A PERSON
        RESIDING THERE, OF THE AGE OF 13 YEARS OR UPWARDS, AND INFORMING THAT PERSON OF
        THE CONTENTS THEREOF. ALSO, A COPY OF THE SUMMONS WAS MAILED ON THE
        _____ DAY OF _____ 20___, IN A SEALED ENVELOPE WITH POSTAGE FULLY
        PREPAID, ADDRESSED TO THE DEFENDANT AT HIS OR HER USUAL PLACE OF ABODE.
        SAID PARTY REFUSED NAME _____
..X..3 SERVICE ON:  CORPORATION  COMPANY  BUSINESS  PARTNERSHIP
        BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT (OR INTERROGATORIES) WITH THE
        REGISTERED AGENT, AUTHORIZED PERSON OR PARTNER  OF THE DEFENDANT.
.....4 CERTIFIED MAIL _____

(B)  THOMAS J. DART, SHERIFF, BY: _____ Hall 4371 , DEPUTY

  1  SEX M M/F  RACE W  AGE 5J
  2  NAME OF DEFENDANT OCCU-SPORT PHYSICAL THERAPY OF PALOS HEIGHTS, P.C
        WRIT SERVED ON        Neal Goldstein R/A
     THIS 15 DAY OF APR , 2008 TIME 10 :48 A.M/P.M.

     ADDITIONAL REMARKS _____

****************************************************************************************
THE NAMED DEFENDANT WAS NOT SERVED.

  TYPE OF BLDG _____OFFICE_____              ATTEMPTED SERVICES

  NEIGHBORS NAME _____         DATE      TIME  A.M./P.M.

      ADDRESS _____         ____ __:__ ____

      REASON NOT SERVED:            ____ __:__ ____
                    __07 EMPLOYER REFUSAL   ____ __:__ ____
__01 MOVED          __08 RETURNED BY ATTY
__02 NO CONTACT     __09 DECEASED           ____ __:__ ____
__03 EMPTY LOT      __10 BLDG DEMOLISHED
__04 NOT LISTED     __11 NO REGISTERED AGT. ____ __:__ ____
)05 WRONG ADDRESS   __12 OTHER REASONS
__06 NO SUCH ADDRESS __13 OUT OF COUNTY     ____ __:__ ____

FEE  .00  MILEAGE  .00  TOTAL  .00                    SG26

# EXHIBIT B

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | | |
|---|---|---|
| **R. RUDNICK & CO.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 08 CH 12034** |
| | ) | |
| **OCCU-SPORT PHYSICAL THERAPY** | ) | |
| **OF DARIEN, LLC, OCCU-SPORT PHYSICAL** | ) | |
| **THERAPY OF PALOS HEIGHTS and** | ) | |
| **JOHN DOES 1-10,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### NOTICE OF FILING OF NOTICE OF REMOVAL

To:   Clerk of the Circuit Court          Daniel A. Edelman
      Chancery Division                  Michelle R. Teggelaar
      Daley Center                       Heather A. Kolbus
      50 W. Washington Street            EDELMAN, COMBS, LATTURNER
      Chicago, Illinois 60602              & GOODWIN, LLC
                                         120 S. LaSalle St., 18th Floor
                                         Chicago, IL  60603

PLEASE TAKE NOTICE that, under 28 U.S.C. 1446(d), Defendants Occu-Sport Physical Therapy of Darien, LLC, and Occu-Sport Physical Therapy of Palos Heights P.C., give notice to the Circuit Court of Cook County, Illinois and to Daniel A. Edelman, Michelle R. Teggelaar and Heather A. Kolbus, counsel for Plaintiff R. Rudnick & Co., that Defendants have filed a Notice of Removal, removing the above-captioned action to the United States District Court for the Northern District of Illinois, Eastern Division. A copy of the Notice of Removal is attached to this Notice.  Under the provisions of 28

U.S.C. § 1446(d), this Court "shall proceed no further unless and until the case is remanded."

**OCCU-SPORT PHYSICAL THERAPY OF DARIEN, LLC AND OCCU-SPORT PHYSICAL THERAPY OF PALOS HEIGHTS, P.C,**

By: _____
    One of their Attorneys

Anthony C. Valiulis
Melinda J. Morales
MUCH SHELIST DENENBERG AMENT
    & RUBENSTEIN, P.C.
191 N. Wacker Drive, Suite 1800
Chicago, IL  60606
T: 312-521-2434
F: 312-521-2100
Id. No.  80580