UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| R. RUDNICK & CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | 08 C 2879 |
| v. ) | |
| ) | Judge Darrah |
| OCCU-SPORT PHYSICAL THERAPY ) | Magistrate Judge Cole |
| OF DARIEN, LLC, and OCCU-SPORT ) | |
| PHYSICAL THERAPY OF PALOS HEIGHTS, ) | |
| P.C. and JOHN DOES 1-10, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION FOR LEAVE
TO FILE A CORRECTED AMENDED COMPLAINT, *INSTANTER*__**

Plaintiff R. Rudnick & Co. respectfully requests pursuant to Fed. R. Civ. P. 15, leave of Court to file a corrected amended complaint, *instanter*, so that they may correct the name of an existing defendant. In support thereof, plaintiff states:

1. On April 1, 2008, plaintiff filed this case in the Circuit Court of Cook County, Illinois, Chancery Division. On May 16, 2008, defendants removed this case.

2. On May 20, 2008, plaintiff filed an amended complaint, which alleged a violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

3. Counsel for defendants advised plaintiff's counsel that Occu-Sport Physical Therapy of Palos Heights, P.C. was incorrectly named in this suit. No such Illinois corporation exists.

4. The proper name for defendant should be Occu-Sport Physical Therapy Services of Palos Heights, P.C. Plaintiff respectfully requests leave to correct this error by filing

1

a corrected amended complaint, *instanter*.  The proposed corrected amended complaint is attached hereto as Appendix A.  No other substantive changes have been made.

5. Plaintiff further requests that a summons issue to serve this defendant. Defendants' current counsel has agreed to accept service on behalf of Occu-Sport Physical Therapy Services of Palos Heights, P.C.

6. Leave to amend a party's pleading "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227 (1962).

WHEREFORE, plaintiff respectfully requests leave to file a corrected amended complaint, *instanter,* and for a summons to issue to serve defendant Occu-Sport Physical Therapy Services of Palos Heights, P.C.

Respectfully submitted,

  /s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Heather A. Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| R. RUDNICK & CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | 08 C 2879 |
| v. ) | |
| ) | Judge Darrah |
| OCCU-SPORT PHYSICAL THERAPY ) | Magistrate Judge Cole |
| OF DARIEN, LLC, and OCCU-SPORT ) | |
| PHYSICAL THERAPY SERVICES OF ) | |
| PALOS HEIGHTS, P.C. and JOHN DOES 1-10, ) | |
| ) | |
| Defendants. ) | |

**CORRECTED AMENDED COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1. Plaintiff R. Rudnick & Co. brings this action to secure redress for the actions of defendants Occu-Sport Physical Therapy of Darien, LLC and Occu-Sport Physical Therapy Services of Palos Heights, P.C., in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

2. The TCPA expressly prohibits unsolicited fax advertising. Unsolicited fax advertising damages the recipients. The recipient is deprived of its paper and ink or toner and the use of its fax machine. The recipient also wastes valuable time it would have spent on something else. Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

## PARTIES

3. Plaintiff R. Rudnick & Co. is an Illinois corporation with offices in Wheeling, Illinois, where it maintains telephone facsimile equipment.

4. Defendant Occu-Sport Physical Therapy of Darien, LLC is a limited liability company chartered under Illinois law with offices at 420 Summit Drive, Lockport, IL 60441.

5. Defendant Occu-Sport Physical Therapy Services of Palos Heights, P.C. is an Illinois professional corporation. Its registered agent is MS Registered Agent Services, 191 N. Wacker Drive, Suite 1800, Chicago, IL 60606.

6. Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below. Plaintiff does not know who they are.

## JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331.

8. Personal jurisdiction and venue are proper in this district in that defendants:

    a. Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

    b. Have transacted business in Illinois.

    c. Are located in Illinois.

## FACTS

9. On or about October 17, 2007, plaintiff R. Rudnick & Co. received the

unsolicited fax advertisement attached as <u>Exhibit A</u> on its facsimile machine.

10. Discovery may reveal the transmission of additional faxes as well.

11. Defendants Occu-Sport Physical Therapy of Darien, LLC and Occu-Sport Physical Therapy Services of Palos Heights, P.C. are responsible for sending or causing the sending of the fax.

12. Defendants Occu-Sport Physical Therapy of Darien, LLC, and Occu-Sport Physical Therapy Services of Palos Heights, P.C. as the entities whose products or services were advertised in the faxes, derived economic benefit from the sending of the faxes.

13. Plaintiff had no prior relationship with defendants and had not authorized the sending of fax advertisements to plaintiff.

14. Each fax refers to a website used by defendants.

15. The faxes have a "remove" email address at the bottom that is associated with the mass broadcasting of advertising faxes.

16. On information and belief, the faxes attached hereto were sent as part of a mass broadcasting of faxes.

17. On information and belief, defendants have transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

18. There is no reasonable means for plaintiff or other recipients of defendants' unsolicited advertising faxes to avoid receiving illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

19. Furthermore, the "opt out notice" required by the TCPA even when faxes are sent with consent or pursuant to an established business relationship was not provided in the

faxes at issue.

## COUNT I – TCPA

20. Plaintiff incorporates ¶¶ 1-19.

21. The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

22. The TCPA, 47 U.S.C. §227(b)(3), provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

> **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
>
> **(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
>
> **(C) both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

23. Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result. Furthermore, plaintiff's statutory right of privacy was invaded.

24. Plaintiff and each class member is entitled to statutory damages.

25. Defendants violated the TCPA even if their actions were only negligent.

26.  Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

27.  Plaintiff brings this claim on behalf of a class, pursuant to Fed. R. Civ. P. 23, consisting of: (a) all persons and entities with facsimile numbers (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendants Occu-Sport Physical Therapy of Darien, LLC and/or Occu-Sport Physical Therapy Services of Palos Heights, P.C. promoting its goods or services for sale (d) and who were not provided an "opt out" notice as described in 47 U.S.C. §227.

28.  The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

29.  There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

   a.  Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

   b.  The manner in which defendants compiled or obtained their list of fax numbers; and

   c.  Whether defendants thereby violated the TCPA.

30.  Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving

unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

31. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

32. Several courts have certified class actions under the TCPA. <u>Travel 100 Group, Inc. v. Empire Cooler Service, Inc.</u>, 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); <u>Rawson v. C.P. Partners LLC</u>, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); <u>ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.</u>, 50 P.3d 844 (Ariz. App. 2002); <u>Core Funding Group, LLC v. Young</u>, 792 N.E.2d 547 (Ind.App. 2003); <u>Nicholson v. Hooters of Augusta, Inc.</u>, 245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class actions); see <u>State of Texas v. American Blast Fax, Inc.</u>, 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action).

33. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

    a. Actual damages;

    b. Statutory damages;

    c. An injunction against the further transmission of unsolicited fax advertising;

      d.      Costs of suit;

      e.      Such other or further relief as the Court deems just and proper.

      /s/ Daniel A. Edelman
      Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Heather A. Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\21016\Pleading\Corrected Amended Complaint_Pleading.wpd

## **NOTICE OF LIEN**

       Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

                                                        /s/ Daniel A. Edelman  
                                                        Daniel A. Edelman

Daniel A. Edelman  
EDELMAN, COMBS, LATTURNER  
      & GOODWIN, LLC  
120 S. LaSalle Street, 18th Floor  
Chicago, Illinois  60603  
(312) 739-4200  
(312) 419-0379 (FAX)

**CERTIFICATE OF SERVICE**

        I, Daniel A. Edelman, certify that on June 18, 2008, I caused a true and accurate copy of the foregoing document to be served upon the parties listed below via the court's CM/ECF system:

Melinda J. Morales
mmorales@muchshelist.com

Anthony C. Valiulis
tvaliulis@muchshelist.com

Edward D. Shapiro
eshapiro@muchshelist.com

Cassandra M. Crane
ccrane@muchshelist.com

                                          /s/ Daniel A. Edelman
                                          Daniel A. Edelman

# EXHIBIT A

**OccuSport Physical Therapy Presents**

# Workers Compensation Seminar
# Post Offer Testing

## Test Procedure - Liability - Cost - Savings

### This seminar will answer the questions:

Does this type of testing really decrease workers' compensation cost?
Can you as an employer avoid hiring your next claimant?

## Agenda & Speakers

**Diane Newquist, OccuSport Physical Therapy,**
an expert on implementing post offer testing.

**Rick Sampson, Ogletree Deakin Law Firm,**
expert legal opinion on post offer testing.

**Rich Blackwell, Rich Blackwell Consulting,**
expert on union issues and contract language
regarding post offer testing.

**Jim Drost, Hilb, Rogal & Hobb (HRH),**
an insurance representative,
how will post offer testing effect your bottom line.

## Tuesday
## January 22, 2008

**Registration: 7:30am - 8:00am**
*includes continental breakfast*
**Program: 8:00am - 12:30pm**

**Park Place of Countryside
6240 Joliet Road
Countryside, IL 60525**

Supported By:
Underground Contractors Association (UCA)
Masons Contractors of Greater Chicago
Painting and Decorating Contractors Association of Chicago
Plumbing and Mechanical Contractors Authority of Northern Illino

## Register NOW! $40

**First Person Registration $40, each additional registration from the same company or association $25**

Name & Company_____

Name & Company_____

Name & Company_____

Name & Company_____

Register Online at www.occusport.com
If paying by check make checks payable to OccuSport Physical Therapy
Send to Attn: Post Offer Seminar 420 Summit Drive Lockport, IL 60441
Fax registration to 708-658-1579
Any questions or if you would like to be taken off this fax list send an email to krosenlund@occusport.com.