IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| R. RUDNICK & CO., | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 2879 |
| | ) | |
| vs. | ) | Honorable John W. Darrah |
| | ) | |
| ACCELERATED REHABILITATION | ) | Honorable Jeffrey Cole |
| CENTERS, LTD. | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF ACCELERATED REHAB
TO CORRECTED AMENDED COMPLAINT**

The defendant Accelerated Rehabilitation Centers, Ltd. ("Accelerated Rehab") for its

Answer and Afffirmative Defenses to the Corrected, Amended Complaint, states as follows:

1.    Plaintiff R. Rudnick & Co. brings this action to secure redress for the

actions of defendant Accelerated Rehabilitation Centers, Ltd. successor by merger to Occu-Sport

Physical Therapy of Darien, LLC and Occu-Sport Physical Therapy Services of Palos Heights,

P.C., in sending or causing the sending of unsolicited advertisements to telephone facsimile

machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

**Answer:**    Admitted that the plaintiff in this action purports to seek redress for

allegedly unsolicited advertisements allegedly sent by Occu-Sport Physical Therapy of Darien,

LLC and Occu-Sport Physical Therapy Services of Palos Heights, P.C. (collectively "the

predecessor OccuSport defendants") to telephone facsimile machines in alleged violation of the

TCPA.  All other allegations of Complaint paragraph 1 are denied.

2.    The TCPA expressly prohibits unsolicited fax advertising.  Unsolicited fax advertising damages the recipients.  The recipient is deprived of its paper and ink or toner and the use of its fax machine.  The recipient also wastes valuable time it would have spent on something else.  Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

**Answer:**    Admitted that the TCPA under certain circumstances and subject to certain exceptions prohibits unsolicited fax advertising.  Accelerated Rehab denies all other allegations of Complaint paragraph 2.

3.    Plaintiff R. Rudnick & Co. is an Illinois corporation with offices in Wheeling, Illinois, where it maintains telephone facsimile equipment.

**Answer:**    Admitted on information and belief.

4.    Defendant Accelerated Rehabilitation Centers, Ltd. is an Illinois corporation.  Its registered agent and office are Morris R. Saunders, 180 N. LaSalle Street, Suite 3200, Chicago, Illinois 60601.

**Answer:**    Admitted.

5.    Defendant Accelerated Rehabilitation Centers, Ltd. is the successor by merger to both Occu-Sport Physical Therapy Services of Palos Heights, P.C. and Occu-Sport Physical Therapy of Darien, LLC.

**Answer:**    Admitted.

6.    Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below.  Plaintiff does not know who they are.

**Answer:**    Accelerated Rehab is without sufficient knowledge or information to form a belief as to the truth of the factual allegations of Complaint paragraph 6.  Accelerated Rehab denies that the naming of "John Doe" defendants is proper under the applicable rules of procedure.

7.    This Court has subject-matter jurisdiction under 28 U.S.C. § 1331.

**Answer:**    Admitted.

8.    Personal jurisdiction and venue are proper in this district in that defendants:

a.    Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

b.    Have transacted business in Illinois.

c.    Are located in Illinois.

**Answer:**    Accelerated Rehab admits that personal jurisdiction and venue are proper in this District, admits that it and the predecessor Occusport defendants have transacted business in Illinois, and admits that it is located in Illinois.  Accelerated Rehab denies subparagraph (a) of Complaint paragraph 8.

9.    On or about October 17, 2007, plaintiff R. Rudnick & Co.  received the unsolicited fax advertisement attached as Exhibit A on its facsimile machine.

**Answer:**    Accelerated Rehab denies that the document attached as Exhibit A to the Complaint constitutes an "unsolicited advertisement" within the definition of the TCPA. Accelerated Rehab is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Complaint paragraph 9.

10.    Discovery may reveal the transmission of additional faxes as well.

**Answer:**        Accelerated Rehab admits that it is possible that discovery will reveal the transmission of other faxes.   Accelerated Rehab denies all other allegations of Complaint paragraph 10, including the implication that such faxes were "unsolicited advertisements" within the definition of the TCPA or that Accelerated Rehab or the predecessor OccuSport defendants engaged in any violation of the TCPA.

11.     Defendant Accelerated Rehabilitation Centers, Ltd. as successor by merger to Occu-Sport Physical Therapy of Darien, LLC and Occu-Sport Physical Therapy Services of Palos Heights, P.C. are responsible for sending or causing the sending of the fax.

**Answer:**        Admitted that Accelerated Rehab is responsible as successor-in-interest for sending or causing the sending of the fax attached as Complaint Exhibit A.   Accelerated Rehab denies all other allegations of Complaint paragraph 11.

12.     Defendant Accelerated Rehabilitation Centers, Ltd. as successor by merger to Occu-Sport Physical Therapy of Darien, LLC, and Occu-Sport Physical Therapy Services of Palos Heights, P.C. as the entities whose products or services were advertised in the faxes, derived economic benefit from the sending of the faxes.

**Answer:**        Admitted that Accelerated Rehab is the successor by merger to Occu-Sport Physical Therapy of Darien, LLC and Occu-Sport Physical Therapy Services of Palos Heights, P.C.  Admitted that the fax attached as Exhibit A to the Complaint was to invite persons to attend a seminar co-sponsored by OccuSport Physical Therapy as described in that Exhibit. Accelerated Rehab denies all other allegations of Complaint paragraph 12.

13.     Plaintiff had no prior relationship with defendants and had not authorized the sending of fax advertisements to plaintiff.

**Answer:**        Denied.

14.     Each fax refers to a website used by defendants.

**Answer:**     Admitted that the fax attached as Exhibit A to the Complaint identifies the website www.occusport.com for registration online for the seminar, which is a website relating to the businesses conducted by various affiliated companies under the "OccuSport" tradename, including the predecessor OccuSport defendants.  Accelerated Rehab denies all other allegations of Complaint paragraph 14.

15.     The faxes have a "remove" email address at the bottom that is associated with the mass broadcasting of advertising faxes.

**Answer:**     Admitted that there is text at the bottom of the document attached as Exhibit A to the Complaint reading:  "…if you would like to be taken off this fax list send an email to krosenlund@occusport.com."   Accelerated Rehab denies all other allegations of Complaint paragraph 15.

16.     On information and belief, the faxes attached hereto were sent as part of a mass broadcasting of faxes.

**Answer:**     Accelerated Rehab admits that the fax attached as Complaint Exhibit A was sent to other persons, besides the plaintiff, to invite them to attend the seminar described in the Exhibit.  Accelerated Rehab denies all other allegations of Complaint paragraph 16.

17.     On information and belief, defendants have transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

**Answer:**     Admitted that faxes in the form of Complaint Exhibit A were, on information and belief, transmitted to at least 40 other persons in Illinois on behalf of a predecessor-in-interest of Accelerated Rehab.  Accelerated Rehab denies all other allegations of

Complaint paragraph 17, and specifically denies that such faxes constituted "unsolicited advertisements" within the definition of the TCPA.

18.     There is no reasonable means for plaintiff or other recipients of defendants' unsolicited advertising faxes to avoid receiving illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

**Answer:**     Denied.

19.     Furthermore, the "opt out notice" required by the TCPA even when faxes are sent with consent or pursuant to an established business relationship was not provided in the faxes at issue.

**Answer:**     Accelerated Rehab admits that the language set forth in the last sentence of Complaint Exhibit A is not identical to the language set out in 47 U.S.C. § 227(b)(2)(D), which, pursuant to 47 U.S.C. § 227(b)(2)(C), is to be included on any "unsolicited advertisement" transmitted by facsimile to a person with whom the sender has "an established business relationship." Accelerated Rehab denies all other allegations of Complaint paragraph 19 and specifically denies that the TCPA requires such an "opt out notice" on facsimiles that do not constitute "unsolicited advertisements," as here.

## Count I – TCPA

20.     Plaintiff incorporates ¶¶ 1-19.

**Answer:**     Accelerated Rehab incorporates its answers to Complaint paragraphs 1 through 19 as though fully set out herein.

21.    The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

**Answer:**    Admitted that the quoted language is an uncomplete excerpt from the text of the TCPA, 47 U.S.C. § 227(b)(1)(C).    Accelerated Rehab denies all other allegations of Complaint paragraph 21.

22.    The TCPA,  47 U.S.C. §227(b)(3), provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

**(A)  an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

**(B)  an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

**(C)  both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

**Answer:**    Admitted that the quoted language is contained within the TCPA, 47 U.S.C. § 227(b)(3) except that it is denied that the language is set out in bold font in the text of that statute.

23.    Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.  Furthermore, plaintiff's statutory right of privacy was invaded.

**Answer:**      Denied.

     24.      Plaintiff and each class member is entitled to statutory damages.

**Answer:**      Denied.

     25.      Defendants violated the TCPA even if their actions were only negligent.

**Answer:**      Denied.

     26.      Defendants should be enjoined from committing similar violations in the future.

**Answer:**      Denied.

**CLASS ALLEGATIONS**

     27.      Plaintiff brings this claim on behalf of a class, pursuant to Fed. R. Civ. P. 23, consisting of:  (a) all persons and entities with facsimile numbers (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Accelerated Rehabilitation Centers, Ltd. as successor by merger to Occu-Sport Physical Therapy of Darien, LLC and/or Occu-Sport Physical Therapy Services of Palos Heights, P.C. promoting its goods or services for sale (d) and who were not provided an "opt out" notice as described in 47 U.S.C. §227.

     **Answer:**      Admitted that plaintiff purports to bring its claims on behalf of a class as stated in Complaint paragraph 27.  Accelerated Rehab denies all other allegations of Complaint paragraph 27, including that it would be proper for this action to proceed on behalf of a class as described in paragraph 27.

28.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

**Answer:**     Admitted that there are more 40 persons within the class of persons described in Complaint paragraph 27.    Accelerated Rehab denies all other allegations of Complaint paragraph 28.

29.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

a.     Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

b.     The manner in which defendants compiled or obtained their list of fax numbers; and

c.     Whether defendants thereby violated the TCPA.

**Answer:**     Denied.

30.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

**Answer:**     Denied.

31.     A class action is an appropriate method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

**Answer:**     Denied.

32.     Several courts have certified class actions under the TCPA.  Travel 100 Group, Inc. v. Empire Cooler Service, Inc., 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); Rawson v. C.P. Partners LLC, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc., 50 P.3d 844  (Ariz. App.  2002); Core Funding Group, LLC v. Young, 792 N.E.2d 547 (Ind.App. 2003); Nicholson v. Hooters of Augusta, Inc., 245 Ga.App. 363, 537 S.E.2d 468 (2000)  (private class actions); see  State of Texas v. American Blast Fax, Inc., 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action).

**Answer:**     Admitted that certain courts have under certain circumstances certified class actions brought pursuant to the TCPA.  Accelerated Rehab denies that any of the opinions cited in Complaint paragraph 32 are binding precedent on this Court, denies that the circumstances of this case are similar to the circumstances involved in the cases cited in Complaint paragraph 32, and denies that class certification is appropriate here.  Further answering, Accelerated observes that many courts have declined to certify a class action to pursue claims arising under the TCPA. *See, e.g., Kenro, Inc. v. Fax Daily, Inc.*, (S.D. Ind. 1997); *Forman v. Data Transfer, Inc.*, 164 F.R.D. 400 (E.D. Pa. 1995); *Carnett's, Inc. v. Hammond*, 279 Ga. 125, 610 S.E.2d 529 (2005); *Cicero v. U.S. Four, Inc.*, No. 07AP-310, 2007 WL 4305720 (Ohio App. Dec. 11, 2007); *Lucero v. Burt-Buick-Pontiac-GMC Truck, Inc.*, No. 03 CA

2041 (Colo. App. May 26, 2005), *cert. denied*, 547 U.S. 1148 (2006); *Livingston v. U.S. Bank, N.A.*, 58 P.3d 1088 (Colo. App. 2002); *Creative Fun, Inc. v. Premium Capital Funding*, 04 CH 1009 (Ill. Cir. Lake Cty. July 3, 2007); *C.E. Design, Ltd. v. Mortg. Exch., Inc.*, 03 CH 1565 (Ill. Cir. DuPage Cty. Oct. 13, 2006); *Damas v. Ergotron, Inc.*, 03 CH 10667, 2005 WL 1614485 (Ill. Cir. Cook Cty. July 6, 2005); *Kim v. Sussman*, 03 CH 7663, 2004 WL 3135348 (Ill. Cir. Cook Cty. Oct. 19, 2004).

33.    Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

**Answer:**    Denied.

## Affirmative Defenses

1.    The plaintiff's claims under the federal Telephone Consumer Protection Act are barred because that Act, on its face and/or as applied here, is an unconstitutional infringement of the defendant's rights under the First Amendment of the United States Constitution.

2.    The plaintiff's TCPA claims are barred because that Act, on its face and/or as applied here, violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. The Act regulates the faxing of "material advertising the commercial availability or quality of any property, goods, or services," but does not similarly regulate other types of facsimiles that are of an equally intrusive/ burdensome nature.

3.    The damages sought by the plaintiff pursuant to the federal Telephone Consumer Protection Act are barred in whole or in part by the Due Process Clause.

## Prayer for Relief

Wherefore, the defendant Accelerated Rehabilitation Centers, Ltd. prays for:

A.    Judgment in its favor and against the plaintiff;

B.    An award of costs; and

C.    Such other relief as is just or equitable.

Respectfully submitted,

ACCELERATED REHABILITATION CENTERS, LTD.


 /s/ Marion B. Adler
Marion B. Adler
Darnella J. Ward
Rachlis Durham Duff & Adler, LLC
542 South Dearborn Street, Suite 900
Chicago, Illinois 60605
(312) 733-3950

Dated:  August 5, 2008